**Fraeda SCHENCK (Kopman), Appellant,**

v.

**Nicholas SCHENCK, Respondent.**

Nos. 50156, 50168.

Missouri Court of Appeals, Eastern District, Division One.

April 22, 1986.

Gary Alan Growe, Clayton, for appellant.

Theodore S. Schechter, Clayton, for respondent.

SMITH, Judge.

Both parties appeal from the action of the trial court in modifying a dissolution decree to require father to pay a total of $1000 per month child support for the 13 year old twin sons of the parties. The original decree provided for $300 per month. Mother appeals on the basis the award is inadequate, that the award should have been retroactive to the filing of the

motion to modify, and that the trial court erred in denying her an award of attorney's fees. Husband appeals on the basis that the evidence did not establish an increased need and that the court refused his request for joint custody. The original decree was entered in 1974.

Father's income as a physician now exceeds the $200,000 level. He had voluntarily over the years increased his child support payments beyond the original $300 per month. No modification of the original decree was made to reflect these voluntary increases. He is a resident of LaJolla, California. Mother has remarried and her husband's income is also above the $200,000 level. The family has moved into his home and he supplies all utilities. Mother and father agreed to an increase in child support to approximately $850 per month which included tuition for one boy in private school; mother to bear the expense of the other child's private school education. Father had reluctantly agreed to the private schooling. Mother then quit her $75,000 a year job to begin her own business which quickly achieved a level of success. With no prior warning to father she instituted this modification proceeding. He at that time reduced his support payments to the amount called for in the original decree. Mother acknowledged that her earning capacity should be considered as high as $75,000. She placed the necessary support required by the two boys at $36,000 annually, none of that for housing or utilities. The trial court could well have concluded that figure was excessive.

 We can divine no precedential value to be served by an extended opinion reviewing the exercise of the trial court's discretion in determining (and apportioning the respective contributions to) the amount reasonably necessary to support these children, where either parent can comfortably provide the entire support. We find no abuse of discretion in establishing the father's support obligation. We also find no abuse of discretion in the court's refusal to make the award retroactive or in denying mother an award of attorney's fees. The

trial court was also vested with discretion in determining whether to grant joint custody. Given the father's location and on the record before us we can find no abuse of discretion in refusing father's request for joint custody.

The judgment is affirmed pursuant to Rule 84.16(b).

CARL R. GAERTNER, P.J., and SNYDER, J., concur.